Filed 5/20/24  P. v. Gilbert CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D082131 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SF107852) |
| ANTHONY DWAYNE GILBERT, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, Enrique E. Camarena, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski, Lynne G. McGinnis, and Namita Patel, Deputy Attorneys General, for Plaintiff and Respondent.

Anthony Dwayne Gilbert appeals from an order summarily denying his petition for resentencing under Penal Code[1] section 1172.6, in which he sought relief from a 1996 conviction for attempted murder based on his plea of guilt to that crime (§§ 664, 187, subd. (a)).  We conclude that the trial court correctly determined, at the prima facie stage, that Gilbert was ineligible for relief.  We accordingly affirm the order denying the petition for resentencing.

I.

FACTUAL AND PROCEDURAL BACKGROUND

On August 27, 1996, Gilbert pled guilty to all three counts charged against him:  (1) the May 20, 1996 attempted murder of J.H. (§§ 664, 187, subd. (a)); (2) the May 20, 1996 assault upon J.H. with a deadly weapon and by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)); and (3) the May 20, 1996 possession of a deadly weapon (a sharp object) by a prisoner (§ 4502).  With respect to the attempted murder count, Gilbert also admitted that he personally inflicted great bodily injury upon J.H. (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8)) and personally used a deadly and dangerous weapon, to wit, a sharp instrument (§ 12022, subd. (b)).  The trial court imposed a sentence of 46 years to life, to run consecutive to the prison term Gilbert was already serving.

In October 2022, Gilbert petitioned for resentencing (§ 1172.6) by submitting a preprinted form.  The trial court appointed counsel to represent Gilbert.

In their initial response to the petition, the People argued that, based on the record of conviction, Gilbert had not met his burden to make a prima facie case of eligibility for relief.  One of the exhibits relied upon by the People

_____

[1]     Unless otherwise indicated, all further statutory references are to the Penal Code.

was the transcript from the hearing in which Gilbert pled guilty in 1996. During that hearing, the following exchange occurred between the trial court and Gilbert regarding the attempted murder count:

> "[Trial Court]: And am I correct, sir, that what you did to make you guilty of this offense is that you attempted to murder [J.H.], a human being, and that at the time you personally did inflict great bodily injury and that [J.H.] was not an accomplice to this offense and that you personally used a sharp instrument in order to inflict this great bodily injury? Is that what you did to make you guilty of count one?

> "[Gilbert]: Correct."

The People further relied upon the form that Gilbert filled out to plead guilty, on which he wrote the following brief statement when asked to "[d]escribe facts to each charge": "[A]ttempted to murder [J.H.]."

Gilbert's reply to the People's initial response described the applicable legal standards but set forth no specific argument relevant to the facts of his case or responding to the items in the record of conviction that the People had identified. At the subsequent hearing to address whether Gilbert had established a prima facie case, counsel for Gilbert only briefly addressed the court. She explained that "[Gilbert] would like to point out to the court that this matter did occur within the confines of the county jail. [¶] Although he was the only individual charged on this complaint, that there is evidence to suggest that he is not necessarily the only direct perpetrator and, in fact, could be classified as an accomplice." She asked that "the court to allow this matter to be set for an evidentiary hearing so that Mr. Gilbert can present evidence to the court."

3

The trial court denied the petition for resentencing: "The Court finds that [Gilbert's] conviction was not predicated on the now restricted felony murder rule, natural and probable consequence doctrine, or any other theory under which malice is imputed to a person based solely on that person's participation in a crime. [¶] The Court finds that [Gilbert] was the sole assailant. [Gilbert] was convicted of attempted murder as a direct perpetrator, rather than an aider and abettor or under the natural and probable consequences doctrine. . . . Accordingly, the Petition is DENIED."

## II.

## DISCUSSION

A. *Applicable Legal Standards*

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.), which limited accomplice liability under the felony-murder rule, eliminated the natural and probable consequences doctrine as it relates to murder, and eliminated convictions for murder based on imputing malice based solely on a person's participation in a crime. (See *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) As amended by Senate Bill No. 775 (2020–2021 Reg. Sess.), effective January 1, 2022, the ameliorative changes to the law were made expressly applicable to attempted murder and voluntary manslaughter. (See *People v. Birdsall* (2022) 77 Cal.App.5th 859, 865 & fn. 18.)

Under section 1172.6, a person serving a sentence for murder, attempted murder or manslaughter under theories that have since been eliminated or narrowed may file a petition to have the conviction vacated and to be resentenced. (§ 1172.6, subd. (a).) The statute specifies that the only theory of attempted murder for which a person may seek relief is "attempted murder under the natural and probable consequences doctrine." (*Ibid.*; see

4

*People v. Coley* (2022) 77 Cal.App.5th 539, 548 (*Coley*).)[2] A defendant convicted of attempted murder either as an actual perpetrator or a direct aider and abettor is not eligible for relief. (*People v. Cortes* (2022) 75 Cal.App.5th 198, 204.)

After appointing counsel if a petitioner makes such a request (§ 1172.6, subd. (b)(3)), the first step for a trial court in evaluating the petition is to determine whether the petitioner has made a prima facie case for relief and, if so, to issue an order to show cause. (§ 1172.6, subd. (c).) "[T]he parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief." (*Lewis*, *supra*, 11 Cal.5th at p. 972.) "While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case . . . , the prima facie inquiry . . . is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.' " . . . 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id*. at p. 971, citations omitted.) A reporter's transcript of a plea colloquy is considered

---

2 Section 1172.6 allows a petition for resentencing to be filed only by the following categories of persons: "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder under the natural and probable consequences doctrine*, or manslaughter." (§ 1172.6, subd. (a), italics added.)

part of the record of conviction that may be used in assessing whether a prima facie case for relief has been made under section 1172.6. (*People v. Das* (2023) 96 Cal.App.5th 954, 960; *People v. Fisher* (2023) 95 Cal.App.5th 1022, 1028.)

At the prima facie stage, " '[i]f the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition.' " (*People v. Curiel* (2023) 15 Cal.5th 433, 460.) "We review de novo an order denying a section 1172.6 petition at the prima facie review stage." (*People v. Flores* (2023) 96 Cal.App.5th 1164, 1170.)

B.    *The Record of Conviction Establishes Gilbert Was Not Convicted of Attempted Murder Under the Natural and Probable Consequences Doctrine*

As we have explained, because his conviction was for attempted murder, Gilbert is eligible to seek resentencing only if he can make a prima facie showing that he was convicted under the natural and probable consequences doctrine. (§ 1172.6, subd. (a); *Coley*, *supra*, 77 Cal.App.5th at p. 548.)

The natural and probable consequences doctrine is a "form[ ] of liability for aiders and abettors." (*People v. Gentile* (2020) 10 Cal.5th 830, 843.) Specifically, under the natural and probable consequences doctrine "an accomplice is guilty not only of the offense he or she directly aided or abetted (i.e., the target offense), but also of any other offense committed by the direct perpetrator that was the 'natural and probable consequence' of the crime the accomplice aided and abetted (i.e., the nontarget offense)." (*Ibid.*) "[C]ulpability under the natural and probable consequences theory does not require an accomplice to share the direct perpetrator's intent. Instead, '[a]ider and abettor culpability under the natural and probable consequences doctrine is vicarious in nature' and ' "is not premised upon the intention of

6

the aider and abettor to commit the nontarget offense because the nontarget offense" ' may not be intended at all. [Citation.] '[F]or example, if a person aids and abets only an intended assault, but a murder results, that person may be guilty of that murder, even if unintended, if it is a natural and probable consequence of the intended assault.' " (*Id*. at p. 844.) Because the natural and probable consequences doctrine imputes malice based solely on participation in the target offense, the natural and probable consequences doctrine is now an invalid theory of attempted murder. (*People v. Sanchez* (2022) 75 Cal.App.5th 191, 196.)

Here, the record of conviction contains factual admissions by Gilbert establishing that he was the direct perpetrator of the attempted murder rather than an aider and abettor of a *different* offense, during which an accomplice attempted to murder J.H. During the plea colloquy, Gilbert agreed with the trial court's factual statement that Gilbert "attempted to murder [J.H.]." Further, Gilbert admitted that "at the time" of the attempted murder, he "personally did inflict great bodily injury" on J.H. and he "personally used a sharp instrument in order to inflict this great bodily injury." These factual admissions establish that Gilbert was the direct perpetrator. The natural and probable consequences doctrine does not apply because Gilbert admitted that *he* attempted to murder J.H. using a sharp instrument—not that he aided and abetted someone else to commit a different crime that resulted in his accomplice committing attempted murder.

Gilbert contends that his guilty plea does not rule out that he was convicted under the natural and probable consequences doctrine because his case is analogous to those in which a defendant entered into a "generic plea of guilt," in which he did no more than admit to having committed the offense charged in the complaint. (*People v. Rivera* (2021) 62 Cal.App.5th 217

7

(*Rivera*); *People v. Eynon* (2021) 68 Cal.App.5th 967 (*Eynon*).) However, as we will explain, the cases that Gilbert cites are not analogous.

In *Rivera*, the defendant made no factual admissions on the record during the plea colloquy, and instead simply pleaded no contest to a count of second degree murder, with counsel stipulating to the grand jury proceedings as the factual basis for the plea. (*Rivera*, supra, 62 Cal.App.5th at pp. 225–226.) The relevant plea colloquy was limited to the petitioner pleading no contest when the trial court asked, "[W]hat is your plea to Count 1, that . . . you did willfully, unlawfully[,] and with malice aforethought murder [the victim] . . . in violation of Penal Code section 187(a), a felony?" (*Rivera, at p.* 225.) *Rivera* explained that the record of conviction did not preclude the possibility that the petitioner was convicted based on the natural and probable consequences doctrine or the felony-murder rule because "[t]he generic manner in which murder was charged here did not limit the People to prosecuting [the petitioner] on any particular theories." (*Id*. at p. 233.) *Rivera* emphasized that the petitioner "made no admissions related to the murder other than pleading no contest to the count as charged," and thus there was "no basis on which to infer that [the petitioner] admitted to acting with actual malice." (*Id*. at pp. 234–235.)

In *Eynon* the petitioner "pled guilty to premeditated first degree murder and admitted that the murder was committed during a robbery." (*Eynon, supra*, 68 Cal.App.5th at p. 970.) "The information alleged that a codefendant was the actual killer." (*Ibid*.) At the plea colloquy, as the factual basis for the guilty plea, the petitioner "admitted that he did 'what Count 1 of th[e] Information says [he] did, when it says [he] did it.' " (*Id*. at p. 971.) The petitioner also "agreed, in response to an inquiry from the court, 'that this was a first-degree murder by virtue of being a felony murder; that being

8

murder that occurred during the commission of a robbery." (*Id.* at pp. 971–972.) The petitioner "made no other factual admissions." (*Id.* at p. 976.) *Eynon* explained that the trial court erred in summarily denying the petition for resentencing because "the generic murder charge allowed the prosecution to proceed on any theory of liability, including natural and probable consequences or felony murder." (*Id.* at p. 977.) The petitioner did nothing more than admit that the charged murder took place and that he "committed an act with the necessary intent to render him liable for that murder under then-existing law," which at the time included theories that were no longer valid. (*Id.* at p. 978.)

Here, in contrast to *Rivera* and *Eynon*, Gilbert did not limit his comments during the plea colloquy to stating that he was entering a plea to the count of attempted murder as charged in the complaint. Instead, the trial court asked Gilbert to factually confirm "what you did to make you guilty of this offense," and Gilbert responded by confirming the trial court's description of the offense, which was that he "attempted to murder [J.H.]." Accordingly, unlike *Rivera* and *Eynon*, Gilbert's case does not involve a "generic plea" to the charging document, which could have been based on any of several theories of guilt.

Gilbert also argues that his admission, as part of the plea to the attempted murder count, that he personally inflicted great bodily injury on J.H. (§ 12022.7, subd. (a)) and personally used a sharp instrument in order to inflict great bodily injury (§ 12022, subd. (b)), does not preclude the possibility that he was convicted based on the natural and probable consequences doctrine, rather than as the direct perpetrator. Specifically, Gilbert points out that because intent to kill is not necessary for either enhancement, he could have admitted to those enhancements but still have

9

been convicted based on the natural and probable consequences doctrine as an aider and abettor of a target crime other than attempted murder. (Cf. *People v. Elder* (2014) 227 Cal.App.4th 411, 424 [intent to inflict great bodily injury not required for an enhancement under § 12022.7]; *People v. Garrison* (2021) 73 Cal.App.5th 735, 743 ["although in theory, a finding that a defendant personally used a firearm does not in itself prove a defendant is the actual killer [citation], the facts of a particular case may support only that conclusion"]; *People v. Offley* (2020) 48 Cal.App.5th 588, 598 ["Because an enhancement under section 12022.53, subdivision (d) [for personal discharge of a firearm] does not require that the defendant acted either with the intent to kill or with conscious disregard to life, it does not establish that the defendant acted with malice aforethought."].) We understand Gilbert's argument, but it is not persuasive here because Gilbert did more than simply admit to the enhancements. Specifically, Gilbert admitted that he was the person who "attempted to murder [J.H.]" and that "at the time" he personally inflicted great bodily injury on J.H. and personally used a sharp instrument to inflict that great bodily injury.

In sum, the only reasonable view of the record of conviction is that Gilbert admitted to being an actual perpetrator in the attempted murder of J.H. Accordingly, Gilbert failed to make a prima facie showing that he was convicted of attempted murder as an aider and abettor of a different target crime under the natural and probable consequences doctrine.

10

## DISPOSITION

The order denying the petition for resentencing is affirmed.


IRION, J.

WE CONCUR:


McCONNELL, P. J.


DATO, J.